UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,          :

                                        :

                                        :

                v.                      :       **MEMORANDUM AND ORDER**

                                        :       15-CR-133 (WFK)

JORGE PALAGUACHI,              :

     also known as "Jorge Palajuachi,"    :

     and "Antonio Palaguachi,"       :

                                          :

                         Defendant.   :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Defendant Jorge Palaguachi ("Defendant") is a twenty-eight year old citizen of Ecuador who pled guilty to a two-count indictment for Illegal Reentry and Failure to Register. Guilty Plea, ECF Sept. 28, 2015. Defendant was first removed from the United States on February 22, 2008 after being convicted of statutory rape of a twelve year old. Presentence Investigation Report ("PSR") ¶ 31, ECF No. 18. Federal authorities arrested Defendant after learning of his illegal reentry into the United States following Defendant's arrest for sexual assault of his then-girlfriend. *Id.* ¶ 3. The Court provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is sentenced to 57 months of incarceration for Count One and 57 months of incarceration for Count Two, to run concurrently. Defendant is further sentenced to five years of supervised release with special conditions for Count One and five years of supervised release with special conditions for Count Two, to run concurrently; no fine; and the $200 special assessment.

## BACKGROUND

On September 28, 2015, Defendant pled guilty to a two-count indictment, charging

Defendant with Illegal Entry ("Count One") and Failure to Register ("Count Two"). Guilty Plea,

ECF No. 15; Plea Agree. ¶ 1, ECF No. 16. Federal authorities arrested Defendant for Illegal

Reentry after the New York Police Department arrested and charged Defendant with Assault in

the Third Degree, Forcible Touching: Forcibly Touch of Other Person Sexual/Intimate Parts

[*sic*], and Harassment in the Second Degree. Defendant, a convicted sex offender, is also

1

charged with Failure to Register as required by the Sex Offender Registration and Notification Act ("SORNA"). *See* 18 U.S.C. § 2250 (requiring registration).

The Court hereby sentences Defendant and sets forth its reasons pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

Section 3553 of Title 18 of the United States Code outlines the procedures for imposing sentence in a criminal case. When the District Court imposes a sentence outside of the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under [Section] 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks and citation omitted). Section 3553(a) provides a list of reasons for the Court to consider in choosing what sentence to impose on a criminal defendant. The Court addresses each of the seven 18 U.S.C. § 3553(a) factors in turn.

## II.    Analysis

### 1.  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor considers "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court finds a significant sentence is justified under this factor.

On March 5, 2007, Defendant, a citizen of Ecuador, was convicted in Queens County Supreme Court of rape in the second degree, an aggravated felony offense. PSR ¶ 3; Compl. ¶¶ 3–4, ECF No. 1; Letter, ECF No. 11. Defendant, who was eighteen years old at the time, had vaginal intercourse with a twelve year-old, where he inserted his penis into the victim's mouth and against her anus. PSR ¶ 31. He then ejaculated on her abdomen and thigh. *Id.* Defendant admitted his guilt upon his arrest, claiming that the victim consented and that she had informed him she was fourteen years of age. *Id.* Defendant was originally charged with Rape in the First Degree, but later pled guilty to the lesser-included offense of Rape in the Second Degree, statutory rape. *Id.*

Defendant was convicted for Rape in the Second Degree on March 5, 2007 in Queens County Supreme Court. *Id.* ¶ 3. As a result, Defendant was required to register on the New York State Sex Offender Registry. *Id.* Defendant was sentenced to ten years of probation and was thereafter excluded and removed from the United States. *Id.* ¶ 3; Compl. ¶ 3–4. Nevertheless, in March of 2012, Defendant illegally reentered the United States without permission to reenter. PSR ¶ 7. Defendant has been employed at the Hunts Point Market in Bronx, New York since his illegal reentry. *Id.* ¶ 57.

3

On February 1, 2015, Defendant, using the name "Antonio Palaguachi" was arrested by the New York City Police Department and charged with Assault in the Third Degree, Forcible Touching: Forcibly Touch Other Persons Sexual/Intimate Parts, and Harassments in the Second Degree.[1] PSR ¶ 2; Comp. ¶ 2; *see* NY Penal Law §§ 120.00(1), 130.52, 240.26(1). The United States Immigration and Customs Enforcement ("ICE") was notified of this arrest, and ICE officials ran a criminal history report on Antonio Palaguachi, who turned out to be the defendant in this case. *See* PSR ¶ 4; Comp. ¶¶ 3, 5.

On February 24, 2015, Defendant was arrested outside of the residence of his then-girlfriend—the victim of the February 1st arrest—for illegally reentering the United States. PSR ¶ 5. On March 20, 2015, Defendant was indicted on two counts: Illegal Entry ("Count One") and Failure to Register ("Count Two"). Indictment, ECF No. 7. Count One charged Defendant with violating 8 U.S.C. §§ 1326(a) and 1326(b)(2). Indictment at 1. Defendant, an alien previously deported from the United States after an aggravated-felony conviction, was found on February 1, 2015 in the United States without consent for admission from the Secretary of the United States Department of Homeland Security. PSR ¶ 1. Count Two charged Defendant with violating 18 U.S.C. § 2250. Indictment at 2. Although Defendant was required to register under SORNA, he failed to update his registration. PSR ¶ 1.

## 2. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to

---

[1] These charges have been dropped due to the victim's refusal to cooperate with law enforcement. *See* Govt. Sentencing Mem. at 2, ECF No. 28; PSR Add., ECF No. 20.

provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

### a. Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment

The Court finds that a significant sentence is necessary to accomplish the purposes of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Defendant was deported on February 22, 2008 from the United States following his conviction for Rape in the Second Degree. Despite his removal, Defendant returned to the United States without permission in March of 2012. PSR ¶ 7. Defendant's illegal return demonstrates his lack of respect for the laws of the United States. Between March of 2012 and the instant arrest, Defendant lived illegally, and undetected, in the United States, working at Hunts Point Market in Bronx, New York. *Id.* ¶ 57. Even though Defendant has earned enough money to require him to file tax returns, Defendant has failed to do so. *Id.* ¶¶ 35, 83. Furthermore, the record before this Court demonstrates Defendant's serial sex offenses. Defendant's first sexual offense was perpetrated upon a twelve-year-old girl. *Id.* ¶ 31. Defendant allegedly committed his second sexual offense against his own girlfriend. *Id.* ¶ 37.

A significant sentence is necessary to reflect the seriousness of Defendant's offenses, promote respect for the laws of the United States, and provide just punishment for Defendant.

### b. Affording Adequate Deterrence to Criminal Conduct

"Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." *Davis*, 2010 WL 1221709, at *2. The Court finds a significant sentence of incarceration is necessary to afford adequate deterrence, both specific and general, to criminal conduct. See 18 U.S.C. § 3553(a)(2)(B).

A significant sentence, followed by removal from the United States, is necessary to punish Defendant for his crimes of Illegal Reentry and Failure to Register. Defendant has shown his willingness to return to the United States despite his prior removal from the country. Defendant has also shown a proclivity towards sexual assault. A significant sentence sends a clear message to Defendant that the Court seriously considers such illegal actions, and adequately deters Defendant from committing either offense again. The Court's significant sentence more directly deters Defendant through incapacitation.

The Court's significant sentence further provides adequate general deterrence, sending a signal to sex offenders who have been removed that failing to register as required under SORNA is a serious offense. Imprisonment for illegal reentry "will send a clear message that illegal reentry into this country will result in a substantial prison sentence, likely deportation, and stringent conditions during the period of supervised released." *See United States v. Williams*, 07-CR-176, 2007 WL 3010583, at *2 (E.D.N.Y. Oct. 11, 2007) (Weinstein, J.).

### c. Protecting the Public from Further Crimes of the Defendant

Defendant has demonstrated an ability to hide from law enforcement officers. For example, Defendant operated under the name "Antonio Palaguachi" during his arrest on February 1, 2015. PSR ¶ 2. This makes Defendant harder to detect, and therefore more dangerous. Furthermore, Defendant, a sex offender of the highest tier recognized under

SORNA, has failed to maintain and update his registration information. *See* 18 U.S.C. § 2250. As a recidivist, Defendant is precisely the type of sex offender contemplated by Congress when it enacted SORNA.

### d. Providing Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

During Defendant's incarceration, he has suffered and been treated for a skin rash, two abscesses of the right underarm, and edema on his right big toe. Defendant shall continue to receive treatment, if necessary.

### 3. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Under Count One, Illegal Reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), Defendant is subject to a maximum imprisonment term of twenty years, 8 U.S.C. § 1326(b)(2); a maximum supervised release term of three years to follow any term of imprisonment, 18 U.S.C. § 3583(b); a maximum fine of $250,000.00, 18 U.S.C. § 3571(b)(3); a $100.00 special assessment, 18 U.S.C. § 3013; and removal, as set forth in paragraph six of the plea agreement, Plea Agree. ¶¶ 1, 6.

Under Count Two, Failure to Register in violation of 18 U.S.C. § 2250, Defendant faces a maximum imprisonment term of ten years, 18 U.S.C. § 2250(a)(3); a mandatory supervised release term of five years for violating SORNA, 18 U.S.C. § 3583(k); a maximum fine of $250,000.00, 18 U.S.C. § 3571(b)(3); a $100 special assessment, 18 U.S.C. § 3013; and removal, as set forth in paragraph six of the plea agreement, Plea Agree. ¶¶ 1, 6.

Defendant is charged with multiple counts. Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e). Defendant is unable to pay a fine, PSR ¶ 64, but must pay the mandatory $200.00 special assessment. Defendant is eligible for not less than one nor more than five years of probation because Counts One and Two are both classified as Class C Felonies. 18 U.S.C. § 3561(c)(1). A fine, restitution, or community service must be imposed as a condition of probation unless extraordinary circumstances exist. 18 U.S.C. § 3563(a)(2). Multiple terms of probation shall run concurrently. 18 U.S.C. § 3564(b).

Furthermore, due to Defendant's sex offenses, Defendant is subject to the sex offender registration provisions of SORNA. *See* 18 U.S.C. § 4042(c).

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

For Count One, Illegal Reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), Guidelines § 2L1.2 sets the base offense level at eight. U.S. Sentencing Guidelines Manual § 2L1.2 (U.S. Sentencing Comm'n 2015) ("U.S.S.G."). Because Defendant was removed after a felony conviction for a crime of violence, *i.e.*, rape, a sixteen-level increase is added. U.S.S.G. § 2L1.2(b)(1)(A)(ii). This results in an adjusted offense level of twenty-four for Count One.

For Count Two, Failure to Register in violation of 18 U.S.C. § 2250, Guidelines § 2A3.5 sets a base offense level dependent upon the "tiered" categorization of Defendant's sex crime under SORNA. *See* U.S.S.G. § 2A3.5. SORNA provides a three-tiered classification of individuals convicted of a sex offense. *See* 42 U.S.C. § 16911. This tiered classification system

8

builds atop one another. Thus, for a sex offender to be classified as a Tier III sex offender, the offender must first satisfy the requirements of both Tier I and Tier II. *See id.* §§ 16911(3)(C), (4)(C).

Probation considers Defendant to be a Tier III offender, because Defendant was convicted of a sex offense punishable by imprisonment for more than one year and the conviction is comparable to, or more severe than, abusive sexual contact against a minor under the age of thirteen. PSR ¶ 16. Specifically, Defendant's prior rape conviction was committed against a twelve year old, and carried a potential custodial sentence of two to four years. *Id.* As a Tier III sex offender, Defendant's base offense level for Count Two is sixteen. U.S.S.G. § 2A3.5(a)(1).

Defendant has been convicted under multiple counts. Under Guidelines § 3D1.2, counts of conviction are grouped together if they "involve substantially the same harm within the meaning of this rule." *Id.* § 3D1.2. Counts involve "substantially the same harm" under this rule when they satisfy any of these four requirements: (a) they "involve the same victim and the same act or transaction"; (b) they "involve the same victim and two or more acts or transactions" that either are "connected by a common criminal objective" or constitute "part of a common scheme or plan"; (c) "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts"; or (d) the offense level for each count "is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." *Id.* § 3D1.2(a)–(d).

9

Defendant pled guilty to two counts that cannot be grouped together as "closely related." *See id.* § 3D1.2. Because neither Count One, Illegal Reentry, nor Count Two, Failure to Register, have a specific "victim," the Guidelines instruct the Court to consider "the societal interest that is harmed" in determining whether the counts are related. *Id.* § 3D1.2 cmt. n.2. The societal interest harmed by Defendant's Illegal Reentry is not the same, or even similar, to the societal interest harmed by Defendant's Failure to Register. Count One seeks to "enforce immigration laws" "effectively," *United States v. Jimenez-Cardenas*, 684 F.3d 1237, 1240 (11th Cir. 2012) (collecting cases), whereas Count Two seeks to protect society against sex offenders. It is clear that Illegal Reentry and Failure to Register cause different societal harms. Accordingly, the Court finds that these two Counts are not sufficiently closely related to be grouped together under Guidelines § 3D1.2.

Accordingly, to take into account the lower offense, the greater adjusted offense level of twenty-four is increased by one offense level, *see* U.S.S.G. §§ 3D1.3, 3D1.4, resulting in a combined adjusted offense level of twenty five. Defendant's Acceptance of Responsibility warrants a three-level adjustment. *Id.* § 3E1.1.

Taking all these considerations into account, Defendant has a total offense level of twenty-two. With a Criminal History category of II, the Guidelines recommend a sentence of forty-six to fifty-seven months of incarceration.

Defendant objects to the Probation Office's Guidelines calculation for Counts One and Two. Def. Mot. Continue, ECF No. 19 (outlining two grounds of objection); PSR Obj., ECF No. 21. The Court rejects the objections.

### a. Defendant's Challenge to Guidelines Calculation for Illegal Reentry

Defendant argues that statutory rape is not a "crime of violence" and, thus, should not trigger the sixteen-level enhancement of Guidelines § 2L1.2(b)(1)(A)(ii). In making this argument, Defendant (1) analogizes the term "crime of violence" as understood under the Guidelines and the term "violent felony" as defined under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); and (2) relies upon the recent *Johnson v. United States* Supreme Court case, 135 S. Ct. 2551 (2015). The Court first addresses each component of this argument before turning to the argument itself.

Guidelines § 2L1.2 applies a sixteen-level enhancement for any defendant removed after being convicted of a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The term "crime of violence" is not defined in the "black letter" of § 2L1.2. Instead, the term is defined in the Commentary immediately following § 2L1.2 through various offenses, which specifically include "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, [and] sexual abuse of a minor."[2]

---

[2] Commentary note 1.B.iii defines a crime of violence as "any of the following offenses under federal, state, or local law:

> murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor*, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

U.S.S.G. § 2L1.2 (emphasis added).

ACCA required federal courts to impose a minimum imprisonment term of fifteen years for any person in unlawful possession of a firearm with "three previous convictions by any court . . . for a violent felony." 18 U.S.C. § 924(e). A "violent felony," as defined by ACCA, is any crime that (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" or (2) "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" *Id.* § 924(e)(2)(B)(i)–(ii). The first definition is commonly referred to as the "force clause." The "or otherwise" clause of the second definition is commonly referred to as the "residual clause." *Johnson*, 135 S. Ct. at 2556.

In *Johnson v. United States*, the Supreme Court held unconstitutional the enhancement of a criminal defendant's sentencing under the "residual clause" of ACCA, 18 U.S.C. § 924(e).[3] *Id.* The Supreme Court reasoned that increasing a sentence under the residual clause of ACCA violates due process because "the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557.

In essence, Defendant argues that the "crime of violence" enhancement under Guidelines § 2L1.2 should be void for vagueness in light of *Johnson*'s finding that the residual clause of ACCA is the same. The Defendant is wrong. Unlike *Johnson*, the term "crime of violence" used

---

[3] In relevant part, ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

under Guidelines § 2L1.2 does not "both den[y] fair notice to defendants and invite[] arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Defendant's specific crime, *i.e.*, statutory rape, is unequivocally included in the "crime of violence" enhancement under Guidelines § 2L1.2.

Statutory rape unquestionably falls within the United States Sentencing Commission's understanding of a "crime of violence" as it applies to Illegal Reentry. *See supra* n.2 (providing the definition of "crime of violence" under § 2L1.2).

Unlike the residual clause of ACCA, the "crime of violence" term found under Guidelines § 2L1.2 does not "both den[y] fair notice to defendants and invite[] arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Defendant is awarded fair notice, because the definition of the term includes statutory rape as a specific example of a "crime of violence" under Guidelines § 2L1.2. There is also no risk of inviting "arbitrary enforcement by judges," because statutory rape is explicitly covered under the term "crime of violence" under Guidelines § 2L1.2.

Supreme Court's "modified categorical approach"—an approach that applies to "divisible" statutes. *See Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013) (defining a "divisible" statute as one that "lists multiple, alternative elements, and so effectively creates several different crimes"). Under this modified categorical approach, the Court first "identif[ies] from among several alternatives, the crime of conviction" for the instant crime. *Descamps*, 133 S. Ct. at 2285. Here, the crime is statutory rape. The Court next compares that crime to "the generic offense," which focuses "on the elements, rather than the facts, of a crime." *Descamps*, 133 S. Ct. at 2285. Here, the Court considers the elements of the statutory rape statute under which Defendant was convicted. In determining whether statutory rape, N.Y. Penal Law §

130.30, is a crime of violence under the modified categorical approach, the Court does not

consider the particular facts of Defendant's offense.

New York Penal Law § 130.30 provides:

A person is guilty of rape in the second degree when:
1. being eighteen years old or more, he or she engages in sexual intercourse with
another person less than fifteen years old; or
2. he or she engages in sexual intercourse with another person who is incapable of
consent by reason of being mentally disabled or mentally incapacitated.
It shall be an affirmative defense to the crime of rape in the second degree as defined
in subdivision one of this section that the defendant was less than four years older than
the victim at the time of the act.
Rape in the second degree is a class D felony.

N.Y. Penal Law § 130.30 (McKinney). Statutory rape under N.Y. Penal Law § 130.30 consists

of an age component and a physical act component. Here, in order to be convicted under §

130.30, an offender must commit the physical act of "engag[ing] in sexual intercourse." *Id.* The

very act of sexual intercourse without the legal capability of consent constitutes a crime of

violence. *See United States v. Banos-Mejia*, 2013 WL 1613222, at *2 (9th Cir. Apr. 16, 2013),

*withdrawn on denial of reh'g en banc,* 2013 WL 4038591 (9th Cir. July 19, 2013) ("A conviction

under Penal Law § 130.30 qualifies categorically as a 'forcible sex offense' because the full

range of conduct prohibited by the statute of conviction falls within the meaning of a 'forcible

sex offense.'"); *United States v. Sanchez-Sanchez*, 13-CR-18, 2013 WL 3479559, at *2 (D. Or.

July 10, 2013) ("I follow the Ninth Circuit's decision in Banos–Mejia and hold that defendant's

conviction under § 163.355 categorically qualifies as a 'crime of violence' because it is a

'forcible sex offense.'").

Accordingly, a sixteen-level enhancement is appropriate and the Guidelines adjusted

offense level of twenty-four is correct for Count One, Illegal Reentry.

### b. Defendant's Objection to Guidelines Calculation for Failure to Register

Defendant argues that he should be classified as a Tier I sex offender, rather than a Tier III sex offender. The Court finds otherwise. Defendant falls within the definition of a Tier III sex offender as defined under 18 U.S.C. § 16911(4)(A)(ii).

A Tier III sex offender is defined, in relevant part, as "a sex offender whose offense is punishable by imprisonment for more than 1 year and . . . is comparable to or more severe than . . . abusive sexual contact . . . against a minor who has not attained the age of 13 years." 42 U.S.C. § 16911(4)(A)(ii). "Abuse sexual contact" is described in 18 U.S.C. § 2244, which makes reference to 18 U.S.C. § 2243. *See id.* Section 2243(a) provides, in relevant part, that a person commits sexual abuse of a minor when the person "knowingly engages in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging[.]" 18 U.S.C. § 2243(a).

New York Penal Law § 130.30, to which Defendant pled guilty, prohibits a person who is eighteen years or older from "engag[ing] in sexual intercourse with another person less than fifteen years old." The New York statutory rape law is more restrictive than the federal law, because the New York law prohibits sexual intercourse with an individual less than fifteen years of age, whereas the federal law prohibits sexual intercourse with an individual less than sixteen years of age.

The Court declines to apply the categorical imperative approach to the age component of § 16911. As the Tenth Circuit held last year in *United States v. White*, "Congress intended the courts to also consider the actual age of the victim by looking to the specific circumstances of the defendant's crime." 782 F.3d 1118, 1134–35 (10th Cir. 2015); *see also United States v. Byun*, 539 F.3d 982, 993 (9th Cir. 2008) ("[T]he best reading of the statutory structure and language [of

SORNA] is that Congress contemplated a non-categorical approach as to the age of the victim.");

*United States v. Berry*, 814 F.3d 192, 196 (4th Cir. 2016) (agreeing with the Tenth Circuit).

Looking to the facts of the instant case, Defendant was charged with Rape in the First Degree,

which contains an age component of "less than thirteen years old," N.Y. Penal Law § 130.35(4),

and here, the victim was twelve years old. PSR ¶ 31.

Accordingly, Defendant's base offense level for Count Two, Failure to Register, is

sixteen.

\* \* \*

Defendant argues for a total offense level of twelve, which, with a criminal history

category of II, produces a Guidelines sentence of twelve to eighteen months of incarceration.

Def. PSR Obj. at 1. Defendant requests time served, which would amount to fourteen months as

of this writing. *Id.* at 9.

Probation disagrees on both fronts. PSR 2d Add., ECF No. 25. Probation recommends

fifty-seven months of incarceration for each count to run concurrently and five years of

supervised release with various special conditions. *Id.* The Government also disagrees and

requests a Guidelines sentence of forty-six to fifty-seven months incarceration. Govt. Sentencing

Mem. at 8, ECF No. 28.

The Court finds that Defendant's total offense level is twenty-two, and, with a Criminal

History category of II, the Guidelines recommend forty-six to fifty-seven months of

incarceration. The Guidelines further recommend supervised release for one-to-three years for

Count One, U.S.S.G. § 5D1.2(a)(2), and the mandatory five years of supervised release under 18

U.S.C. § 3583(k), U.S.S.G. § 5D1.2(c). Defendant is ineligible for probation. U.S.S.G. § 5B1.1

cmt. n.2.

### 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement issued by the Sentencing Commission . . . and that . . . is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5). There are no pertinent policy statements issued by the Sentencing Commission in regards to this case, and this factor is not relevant in the Court's sentence. The Sentencing Commission, however, has expressed an intent to revise the Guidelines after *Johnson v. United States. See* Press Release U.S. Sentencing Comm'n, U.S. Sentencing Commission Adopts Amendments to Definition of "Crimes of Violence" in Federal Sentencing Guidelines and Proposes Additional Amendments (Jan. 8, 2016), *available at* http://www.usscgov/news/press-releases-and-news-advisories/january-8-2016 ("The amendment, which eliminates the so-called 'residual clause,' was informed by the recent Supreme Court case, *Johnson v. United States*, issued in June 2015.")

As the Honorable Andrew S. Hanen, United States District Judge from the Southern District of Texas, noted in his letter to the United States Sentencing Commission dated October 23, 2015, the proposed changes are far from certain because: "In the proposed new definition, the Commission is deleting 'sexual abuse of a minor' and 'statutory rape' from its definition of a crime of violence. While one could argue that these crimes are subsumed under the reference to the definition of section in § 4B1.2(a) and its further reference in Application Note 2(E) to the two definitions contained in 18 U.S.C. § 2246, there is no reason to deliberately create such an ambiguity. The only possible rationale for this wording change is expediency. It has nothing to do with the recent Supreme Court case of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Understandably, the Commission wants to make the Guidelines easy to use. Certainly, if the definition found in § 4B1.2(a) matched the definition used in § 2L1.2 it would be easier for

17

courts to use. This is not an unworthy goal, but whatever is gained in expediency is not worth endangering the well-being of the children of this country." *See* Letter from Andrew S. Hanen, U.S. District Judge, to U.S. Sentencing Commission (Oct. 23, 2015) (on file as exhibit A on ECF).

### 6. The Need to Avoid Unwarranted Sentence Disparities

The § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The Court's sentence does not pose a threat of unwarranted sentence disparities.

### 7. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case and is not a consideration in the Court's sentence.

### CONCLUSION

For Count One, a sentence of 57 months of incarceration, to be followed by 5 years of supervised release, with no fine and the $100.00 mandatory assessment fee, is sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2). For Count Two, a sentence of 57 months of incarceration, to be followed by five years of supervised release, with no fine and a $100.00 mandatory assessment fee, which together with the Count One mandatory assessment fee brings the total mandatory assessment fees on Count One and Count Two to a total of $200, is sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2). The terms of incarceration and supervised release are to run concurrently. Furthermore, Defendant is subject to being removed from the United States after serving his 57

months of incarceration. An immigration detainer is already in effect. U.S. Probation Dept. Sentencing Rec. at 1, ECF No. 18-1.

The Court expressly adopts the factual findings of the Presentence Investigation Report along with the findings of the two addendums to the Presentence Investigation Report.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2016
      Brooklyn, New York



**EXHIBIT A**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

ANDREW S. HANEN
U.S. DISTRICT JUDGE

600 E. HARRISON STREET, #301
BROWNSVILLE, TEXAS 78520-7114
TEL (956)548-2591
FAX (956)548-2612

October 23, 2015

Office of Public Affairs
U.S. Sentencing Commission
One Columbus Circle, NE, Suite 2-500
Washington, DC 20002-8002

*Via-Regular Mail &
Via-Electronic Mail*

Re:  *Proposed Amendments due to Johnson v. United States*

Dear Sir/Madam:

Please consider this letter as a comment on the proposed changes to the Sentencing
Guidelines now being considered. This letter addresses two of the proposed changes that apply to
some of the most violent criminals our population faces. Both are changes to the definitional
sections contained in the Application Notes, and both are fraught with the danger of
misinterpretation.

### A.    The Deletion of Sexual Abuse of a Minor and Statutory Rape as Crimes of Violence

In the proposed new definition, the Commission is deleting "sexual abuse of a minor" and
"statutory rape" from its definition of a crime of violence. While one could argue that these crimes
are subsumed under the reference to the definition section in § 4B1.2(a) and its further reference in
Application Note 2(E) to the two definitions contained in 18 U.S.C. § 2246, there is no reason to
deliberately create such an ambiguity. The only possible rationale for this wording change is
expediency. It has nothing to do with the recent Supreme Court case of *Johnson v. United States*,
135 S. Ct. 2551 (2015). Understandably, the Commission wants to make the Guidelines easy to use.
Certainly, if the definition found in § 4B1.2(a) matched the definition used in § 2L1.2 it would be
easier for courts to use. This is not an unworthy goal, but whatever is gained in expediency is not
worth endangering the well-being of the children of this country. There are multiple reasons to
reject these proposals, but let me highlight two.

First, the "statutory rape" and "sexual abuse of a minor" provisions are the only two provisions under which many sexual offenses perpetrated against minors fall. To delete these is to do a great injustice to our society and encourages (or at least fails to discourage) those who commit heinous crimes against children. This is especially true in the cases which fall under § 2L1.2—where courts are required to analyze not only federal law but the law of each of the fifty states. These laws vary greatly and do not necessarily contain the same elements or protect children in the same fashion. My court has had many cases where the underlying offense is a crime against a child which would not necessarily fall under the umbrella of a forcible sex offense as proposed (especially when courts are compelled to use the categorical approach) but which were clearly crimes involving sexual abuse of a minor. To understand my concern, one need only remember how narrowly most circuits interpreted "forcible sex offenses" prior to the 2008 Guideline changes in that § 2L1.2 definition. Latching onto the term "forcible," many circuits held rape was not a crime of violence. Given this history, the Commission should not even consider the change. Additionally, in many cases covering a vast array of conduct which all would agree would otherwise constitute sexual abuse of a minor, the defendant pleads guilty as part of a plea agreement to statutory rape because it is an offense upon which both the prosecution and defense can agree (since many times the only proof needed is the conduct and the age differential). It saves the child from having to testify, and the label is more appealing to many defendants as being less disparaging. The Commission's proposal will have the effect of lowering the penalties against seriously bad behavior perpetrated against children. It is hard to believe that the Commission intends to lessen the penalties against child abusers. If that is the intent, I think the Commission should seriously rethink its priorities.

If that is not the Commission's intent, then it brings me to the second problem with this proposed amendment. By deleting these offenses from the definition section while at the same time including other similarly-situated enumerated offenses in the new definition found in § 4B1.2(a), it leads to the inescapable conclusion that the Commission meant for these crimes not to be considered as crimes of violence, thus precluding the argument that might otherwise be made that these offenses somehow fall under "forcible sexual offenses." The case law concerning the interpretation of statutory deletions using the concept of "*expressio unius est exclusio alterius*" (or, stated in English, the expression of one concept is to exclude others) is found in every jurisdiction. *See, e.g., Hillman v. Maretta*, 133 S. Ct. 1943, 1953 (2013), for a recent example. Carrying over the enumerated crimes of murder, voluntary manslaughter, kidnapping, and aggravated assault from § 2L1.2 into the new definition found in § 4B1.2 but not doing the same for sexual abuse of a minor and statutory rape will lead to only one logical outcome: statutory rape and sexual abuse of a child are not crimes of violence because the Commission intended to drop these acts from the crime of violence definition.

There is an easy fix for this omission. The proposed definition of a "forcible sex offense" could be re-written as follows:

§ 4B1.2, Application Note 2(E)

> A "forcible sex offense" is any offense requiring a sexual act or sexual contact to which consent to the actor's conduct (i) is not given, (ii) is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced, or (iii) is statutory rape or sexual abuse of a minor. The terms "sexual act" and "sexual contact" have the meaning given in 18 U.S.C. § 2246.

If the law underlying Chapter 4 does not support this change for career offenders, then the Commission should not change the § 2L1.2 definition at all.

## B.    The Definition of Murder

The second area I suggest the Commission rethink is the use of the term "malice aforethought" in the definition of murder. I do not have the time or resources to analyze the law in all fifty states, but I do know that under the Model Penal Code and the penal code here in Texas "malice aforethought" is not a concept currently in use. Therefore, for those jurisdictions that are situated like Texas or that utilize statutes with language similar to the Model Penal Code, a murder under those laws would never be a murder under the Sentencing Guidelines. Is this the result that the drafters intended? I do not know how many jurisdictions would be excluded using this definition, but I think if it excludes even one it is a mistake. I strongly suggest that the Commission drop the "malice aforethought" language.

I realize that the manner in which the proposed amendment utilizes "malice aforethought" may be interpreted as a different way of expressing "purposefully [or intentionally], knowingly, or recklessly . . ." given their inclusion in the parenthetical that follows that phrase, but that will not be how it will be interpreted. In all likelihood, given the way it is phrased, to qualify as murder there will have to be proof of an applicable *mens rea* (purposefully, knowingly, or recklessly) and then additional proof of "malice aforethought." BLACK'S LAW DICTIONARY defines "malice aforethought" as "[a] predetermination to commit an act without legal justification or excuse." The second definition states it is the "intentional doing of an unlawful act . . . ." If it is the intention of the Commission that the use of "malice aforethought" means "intentional," then why confuse it with concepts of legal justification or excuse which no doubt may vary greatly from state to state? Just say:

> "Murder is (1) the intentional, purposeful, knowing, or reckless (under circumstances manifesting extreme indifference to human life) . . . unlawful killing of a human being (including but not limited to an act done with malice aforethought or premeditation)."

This is an easier definition for courts to use. More importantly, it is less likely to be misinterpreted. It matches not only the generic, contemporary definition but also the more traditional definition of murder, and it conforms with the Model Penal Code. Further, it does not suggest that a court needs to investigate the facts and/or statutes underlying a conviction to try to determine how, if at all, that jurisdiction utilizes "malice aforethought."

Secondly, with respect to murder, most state statutes include in their murder definition, either by exact wording or by interpretation, the concept of homicides that are committed in the course of a criminal attempt to commit a felony or in an effort to escape. These concepts could easily be included if the Commission would add the following:

> causing the death of another human being in the course of committing, <u>attempting to commit, or immediate flight from the commission or attempt to commit another felony</u> . . . .

The Commission's proposed definition omits both the "attempting to commit another felony" language and the "immediate flight" language. The attempt language found in § 2L1.2, Application Note 5 of the Guidelines will not save this omission. I think both the "attempt" and "flight" language should be included if the Commission's goal is to encapsulate the current, contemporary understanding of murder as it is found in most jurisdictions.

Of the two, I am most concerned about the Commission's willingness to adopt any measure which is either intended to be, or can be interpreted later to be, a measure to drop the penalties for rape or sexual abuse of a child. If the proposed amendments pass as currently drafted, it will certainly be the perception that the Sentencing Commission has lowered the penalties one faces for having sexually abused children. I hope that this is not the intent of these amendments, but, regardless of the intent, it certainly will be the result.

Yours truly,

Andrew S. Hanen
United States District Judge

ASH:am

cc: Judge Patti B. Saris                                          *Via-Regular Mail*
    Chair - United States Sentencing Commission
    United States Courthouse
    One Courthouse Way, Room 6130
    Boston, MA 02210

Chief Judge Ricardo Hinojosa
Vice-Chair United States Sentencing Commission                    *Via-Regular Mail*
United States Courthouse
1028 Bentsen Tower
1701 W. Business Hwy. 83
McAllen, Texas 78502-5007